# Harp Building and Loan Association *v.* Sheehan, Appellant.

*Affidavit of defense—Building and loan association—Contract—Compensation of treasurer—Interest on deposits.*

In an action by a building and loan association against its treasurer to recover a balance alleged to be due the association from interest on moneys of the association deposited in bank, it appeared that the bond upon which the suit was brought provided that the treasurer should submit his books and accounts to the auditors of the association and pay over to his successor any balance found to be due. The affidavit of defense averred that the defendant had submitted his books and accounts to the auditors, and that the latter had found them to be correct; and that it was agreed that money from interest on deposits should be retained by the defendant as compensation for his services; and that a part of the credit for interest was not derived from funds of the association, but from private funds of the deponent. The affidavit did not suggest that the auditors had knowledge of the credit of interest on the books of the bank; nor did it show the time when, and the persons with whom the alleged agreement was made, or whether it was oral or written, or whether it was based on a resolution of the association or the verbal promise of one of its officers; nor did it show what amount of interest was derived from the treasurer's private funds. *Held,* that the affidavit was insufficient to prevent judgment.

Argued Oct. 3, 1905.    Appeal, No. 226, Oct. T., 1904, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1897, No. 1178, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Harp Building and Loan Association v. Joseph Sheehan and John Muldoon.    Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*William Gorman,* for appellants.—The affidavit of defense was sufficient: Deacon v. Smaltz, 10 Pa. Superior Ct. 151; Williams v. Myers, 3 Pa. Superior Ct. 481; Leo v. R. R. Co., 9 Pa. Superior Ct. 196; Johnston v. Callery, 173 Pa. 129; Knerr v. Bradley, 105 Pa. 190.

*William F. Brennan,* for appellee, cited: Kyler v. Christman, 23 Pa. Superior Ct. 548; McKay v. McKenna, 173 Pa. 581; Andrews v. Packing Co., 206 Pa. 370; Kilpatrick v. Bridge Co., 49 Pa. 118; Martindale v. Wilson-Cass Co., 134 Pa. 348; Lucas Coal Co. v. Hunt. 8 Atl. Repr. 860; Brophy v. Brewing Co., 211 Pa. 596.

OPINION BY HENDERSON, J., November 20, 1905:

The plaintiff's action was brought on the defendant's bond as treasurer of the plaintiff company. The default alleged was that during his incumbency as treasurer the funds of the association were deposited by him in the Continental Title & Trust Company; that the Trust Company allowed to the association credits of interest from time to time on the deposits of the association amounting in the aggregate to $838.61, as specifically set forth in the statement of claim, and that the treasurer had failed to account for and pay over any part of

that amount, by reason whereof he became liable to the plaintiff under the obligation of the bond that he " make and give unto such auditor or auditors as shall be appointed by the said association a just and true account of all such sum or sums of money, bonds and mortgages, goods and chattels and other things as have come into his hands, charge or possession as treasurer aforesaid," and the further obligation that he " pay and deliver over to his successors in office . . . . all such balances or sums of money, bonds and mortgages, goods and chattels which shall appear to be in his hands and due from him to said association." It is not denied in the affidavit of defense that the amount claimed was credited to the plaintiff association by the trust company and received by the defendant Sheehan. The defense set up is that Sheehan submitted all his and the association's books, papers, receipts and orders to the auditors annually appointed by the association, and that the auditors examined them and found them to be correct; that it was agreed that whatever money accrued from interest on the account in the trust company should be compensation for services rendered by the deponent as treasurer, and was to be applied and appropriated in payment for services instead of a salary, and that a part of the credit for interest was not derived from funds of the association but from private funds of the deponent.

The averment as to the action of the auditors is not responsive to the plaintiff's demand. It is not suggested that the auditors had knowledge of the credit of interest on the books of the bank, nor, if they had such knowledge, that the treasurer charged the association with that amount as compensation or claimed it from the association as such. The affidavit contains no information from which it could be inferred that officers of the association having authority so to do had approved the claim now set up.

The averment as to the agreement for compensation is clearly insufficient. The time when, and the persons with whom, the alleged agreement was made are not stated, nor are we advised whether the agreement was oral or in writing, a resolution of the association accepted by the deponent, or the verbal promise of one of its officers. If we assume that such an agreement would be binding on the plaintiff, the

defendant has failed to allege such facts with reference to it as are necessary in an affidavit of defense.

Nor can the averment that part of the credit for interest was derived from private funds of the defendant avail him as a defense. He admits that his private funds were mingled with those of the association in the account referred to, but he fails to state what amount of private funds he had, or what portion of interest credited to the association was received from such funds. Having exclusive knowledge on that point he should have set forth in his affidavit what amount of interest was derived from funds of the association and what amount from his own funds. The affidavit is wholly insufficient to set up a valid defense.

The judgment is affirmed.